## DEMPSEY BROWN v. VALENTINE HOOVER.

*Practice--Mortgage--Foreclosure--Jurisdiction.*

1. Where, in an action to foreclose a mortgage executed by the defendant in 1861, it appeared that the defendant had obtained a discharge in Bankruptcy in 1873, and that the mortgaged premises had been allotted to him as a homestead by proceedings in the Bankrupt Court; *Held,* That the plaintiff was entitled to a decree of foreclosure.

2. In such case, the action was properly instituted in the State Court.

CIVIL ACTION, tried at Spring Term, 1877, of DAVIDSON Superior Court, before *Kerr, J.*

At the request of the defendant, the plaintiff and one Charles Hoover became sureties on a bond given by the defendant to one Mendenhall on the 19th of December, 1860, for the sum of $700, and to indemnify his sureties from all loss, the defendant executed to them a mortgage on a tract of land, dated the 15th of February, 1861. Shortly after the war Mendenhall brought suit on the bond against the principal and sureties and recovered judgment. Execution issued and the plaintiff was compelled to pay, and did pay $452.45 of said judgment. On the 22d of April, 1873, the defendant filed his petition in bankruptcy, but did not mention the name of this plaintiff in the list of his creditors, except as one of the parties defendant in the said judgment recovered by Mendenhall, not having had notice of any payment by plaintiff on said judgment. His discharge in bankruptcy was obtained on the 5th of July, 1873. The plaintiff's claim was not proved in the Bankrupt Court, and the land conveyed in the mortgage was assigned to the defendant as a homestead, under the proceedings in bankruptcy. By this action, which was commenced on the 5th day of October, 1875, the plaintiff seeks to have the land subjected to the payment of his debt, in accordance with the terms of

said mortgage deed. During the pendency of this action· and after the pleadings were filed, the plaintiff upon petition· to the District Court of the United States obtained leave to proceed in the State Court. Upon these facts, His Honor was· of opinion with the plaintiff, and gave judgment that the mortgaged premises be sold and the proceeds applied to the debt of plaintiff. From which judgment the defendant appealed.

*Mr. John A. ·Gilmer*, for plaintiff.
*Messrs. M. H. Pinnix* and *F. C. Robbins*, for defendant.

READE, J. Upon the facts agreed the judgment of the· Court below was clearly right.

The lien created by the mortgage of 1861 was valid as against the defendant's claim of homestead. And it was also valid as against the creditors of the defendant and his assignee in bankruptcy.

Whether the plaintiff should have sought his rights· through the United States or the State Courts, is of small moment to the defendant. We are of the opinion however₌. that this procedure in the State Court was right.

There is no error. This will be certified.

PER CURIAM. Judgment affirmed.